GIUSEPPE PICA, petitioner-respondent,

*v.*

FRANCESCA PICA, defendant-appellant.

[Submitted October term, 1929.   Decided May 19th, 1930.]

*Mr. Samuel Harber* (*Mr. John W. Ockford,* of counsel), for the defendant-appellant.

*Mr. Thomas R. Armstrong,* for the petitioner-respondent.

The opinion of the court was delivered by

KAYS, J.

This action was brought by the husband, Giuseppe Pica, against his wife, Francesca Pica, for divorce on the ground of

desertion. The petition alleges that the defendant deserted the petitioner on September 28th, 1926, and ever since that time and for more than two years last past the said defendant has willfully, continuedly and obstinately deserted the petitioner. The case was heard before an advisory master who advised a decree in favor of the petitioner. From this decree the defendant has appealed here. The parties to this suit had been married for many years. The marriage took place in 1899 and they lived together as husband and wife for twenty-seven years. Both parties were over fifty years of age. They had no children but shortly after their marriage a nephew and niece of the defendant came to live with them whom they supported and took care of, as if they were their own children. For a few years prior to the institution of this suit the relations existing between the parties were unhappy and at times they quarreled. As a result, on September 28th, 1926, the defendant told the petitioner to leave the house where they were living and this he did. He thereupon went to live with a brother in Newark where he was still living at the time of the trial of this case, in April, 1929. From the time he left the residence of his wife he contributed nothing to her support until June, 1927, at which time he began paying $50 a month by an order of the domestic relations court. In October, 1926, the husband sent his brother to talk to the defendant. The brother testified that the husband had sent him to ask the wife "why she treated him always that way." The question was asked the brother, "was anything said about making a home for his wife?" To which the brother answered, "the home was right there." The brother also testified as to conversations at that time between himself and the defendant in which he reprimanded her for the way she had treated her husband and she replied by mentioning certain mistreatments of her by her husband. In answer to a question asked the brother on the witness stand concerning the conversation with the wife as to whether she would again live with her husband, the brother testified he said to her, "you know you have to give up all these little foolish things between you and him and everything will be all right. It is the niece and

nephew; he has supported them since they were little children. Now they are big they can go to their own mother and you can be together with him in a nice home." To this the witness said that the defendant replied, "no, so long as he is away I say that he is all right away." The defendant was not well and unable to support herself. The husband testified that when he left the defendant he did not tell her he was leaving, but that he never went back to the house to live with her. Some correspondence passed between the parties and an examination of the letters produced at the hearing leads us to the conclusion that the separation seemed agreeable to both parties.

We are, therefore, of the opinion that the petitioner was not justified in leaving the house and remaining absent continuously therefrom merely because the defendant had told him to get out. It was the duty of the petitioner, after his wife had time to reconsider her words, to use every reasonable effort to bring about a reconciliation.

We think the facts in this case are similar to those in the case of *Segal* v. *Segal* decided by this court and reported in *104 N. J. Eq. 457*. We are of the opinion that the petitioner did not make a genuine effort to restore the connubial relations with his wife. The decree of the court of chancery is therefore reversed, with costs.

*For affirmance*—None.

*For reversal*—The CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ. 12.